# BENNINGTON COUNTY.

## FEBRUARY TERM, 1840.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    "    JACOB COLLAMER,   } *Assistant Justices.*
    "    MILO L. BENNETT,   }

## ANN HURD *v.* ALLEN SEEKER.

After three months from the commencement of a prosecution for bastardy, by the mother, if the overseers of the poor shall have omitted to take upon themselves the control and management of the suit, she may settle and discharge such prosecution.

THIS was a prosecution for bastardy, commenced before a justice of the peace, on the twenty eighth day of December, 1837, by the complainant, who was the mother of a bastard child, and resided in Sandgate. The defendant, on the same 28th day of December, 1837, was held to bail for his appearance before the county court, at the June term thereof, 1838, to answer to the complainant's complaint; at which term of said court the complaint was entered in court. On the fourth day of June, 1839, the overseers of the poor of Sandgate filed with the clerk of said court a certificate of their intention to prosecute and control the suit.

The defendant pleaded, in substance, that on the twenty

BENNINGTON,
February,
1840.

Hurd
v.
Seeker.

fifth day of may, 1838, it was agreed by and between the complainant and the defendant that the complainant would receive, and the defendant should give, one hundred dollars as a compensation for the supposed wrong and injury complained of, and that thereupon, on the same twenty fifth of May, 1838, the defendant paid to the complainant the said sum of one hundred dollars, which the complainant received in full satisfaction and discharge of all damages sustained by her from the supposed injuries mentioned in the said complaint.

Replication, traversing the plea, and issue to the country. On the trial in the county court, the defendant offered in evidence a receipt or discharge, signed by the complainant, of which the following is a copy :

" Received of Allen Seeker one hundred dollars in full
" satisfaction for a complaint now pending in Bennington
" county court in my favor against him, and it is hereby mu-
" tually agreed that said prosecution shall proceed no further.

" Sandgate, May 28, 1838.

     " Signed,             ANN HURD."

The counsel for the complainant objected to said receipt, because the overseers of the poor of Sandgate had certified their intention to prosecute and control this suit, as above stated ; whereupon the court decided that said discharge could not avail the defendant in this suit.

The jury, under the instruction of the court, returned a verdict for the complainant, and the defendant excepted.

*Sargeant & Miner*, for defendant.

*S, Swift*, for complainant.


The opinion of the court was delivered by

WILLIAMS, Ch. J.—This prosecution was commenced in December, 1837, and came to the county court, at their June term, 1838, previous to which, and more than three months after the commencement of the prosecution, the mother discharged the suit. No steps were taken on the part of the overseers of the poor of the town of Sandgate to control or manage the prosecution, until June, 1839. Three months after the arrest, and before the overseers of the poor of the town take the control and management of the prosecution, it is competent for the woman who prosecutes to compromise

and discharge the suit. This she has done, in this case, as appears from the receipt which was executed on the 28th of May, 1838; and more than three months having elapsed after the arrest of the defendant, and the overseers of the poor not having then undertaken to control or manage the prosecution, she had a right so to do. The judgment of the county court must, therefore, be reversed, and the cause remanded for a new trial.